UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 08-21778-CIV COOKE/BANDSTRA

JOHN MONTFORD,

    *Plaintiff*,

v.

ALL SUPREME COURT JUSTICES, *et al.*,

    *Defendants*.

_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon Plaintiff John Montford's *In Forma Pauperis* Complaint, Motion to proceed *in forma pauperis* and accompanying affidavit, Motion to appoint counsel, and two additional miscellaneous motions. Without delving into the decade-and-a-half long procedural history leading to this action, it is sufficient to state that Montford has filed six cases (this being the sixth) stemming from alleged unlawful employment actions surrounding his 1992 termination from positions with Metropolitan Dade County. *See Montford v. Miami Dade County, et al.*, Case No. 93-2335-FAM; *Montford v. Metropolitan Dade County, et al.*, Case No. 97-1585-CIV-SH; *Montford v. Metropolitan Dade County*, Case No. 98-1305-FAM; *Montford v. District Court Judge Frederico A. Moreno, et al.*, Case No. 03-23144-CIV-JAL; *Montford v. Circuit Judge Farina, Dade County Government, et al.*, Case No. 06-20638-CIV-JEM. In the first case, the court dismissed Montford's fourth amended complaint with prejudice for violation of Local Rule 7.1.C. This decision was later affirmed by the Eleventh Circuit. Since that time, Plaintiff's complaints have progressively added defendants in privy with the initial named defendants, or judicial officers and attorneys from Montford's prior actions. To wit, the

Complaint here names sixty-three persons or entities, including all Justices of the United States Supreme Court, several judges of the Eleventh Circuit Court of Appeals, several District and Magistrate judges in the Southern District of Florida, Miami-Dade County and the City of Coral Gables, as well as their respective police departments, and numerous attorneys, law firms, and other individuals.  Undertaking a careful evaluation of Plaintiff's Complaint, and granting Plaintiff all due leeway, *see Haines v. Kerner,* 404 U.S. 519, 520 (1972), I find that this case must be dismissed for several reasons..

The Complaint fails to comply with Federal Rules of Civil Procedure 8 and 10.  There are thirty-nine numbered paragraphs constituting the alleged facts and claims, however, many of those paragraphs contain multiple sub-paragraphs (*e.g.*, ¶37a - ¶37o).  There are no enumerated counts, and the allegations that are complete and comprehensible are generally conclusory and without sufficient factual support.  As such, the Complaint fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  Moreover, the paragraphs are certainly not "limited as far as practicable to a single set of circumstances," nor is "each claim . . . stated in a separate count."  Fed. R. Civ. P. 10.  While these violations of the rules would normally result in a dismissal without prejudice, I am convinced that Montford's claims have no arguable basis in law or in fact, and are therefore frivolous, and deserving of being dismissed with prejudice.

Under 28 U.S.C. § 1915(e)(2)(B)(i), a court "shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious."  "[I]ndigent litigants' claims are 'frivolous' when they 'lack[ ] an arguable basis either in law or in fact.'" *Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)) (footnote omitted). "Factual allegations are frivolous for purpose of [28 U.S.C.] § 1915(d) when they are

'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.' " *Id.* (quoting *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir.1990) (per curiam)).[1]  Here, Plaintiff's claims against judges and justices are frivolous because those parties are "entitled to absolute immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'"  *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).  The remaining claims against all other Defendants are conclusory and do not state cognizable causes of action.

Additionally, the vast majority of Plaintiff's claims are barred by *res judicata*.  With the basic exception of the Supreme Court justices, Montford alleges the same claims against the same parties or those in privity with them in this Case as he did in at least two previous cases.  Final judgment was rendered in those cases by courts of competent jurisdiction.  *See supra*.  Therefore, the requirements of *res judicata* are met, and this action is barred.  *See Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1225 (11th Cir. 1998).

I am compelled to note the amount of time this Court and other courts in this District have been required to expend in reviewing, and ultimately dismissing, Plaintiff's successive complaints.  Although Plaintiff's filings have not yet reached the level where an injunction restricting his ability to file a case is appropriate, they certainly merit some admonition.  Further filing of claims related to this and previous actions stemming from Plaintiff's 1992 termination may result in sanctions against Plaintiff, including significant limitations on Plaintiff's ability to bring new causes of actions.  *See, e.g., Copeland v. Green*, 949 F.2d 390 (11th Cir.1991); *Procup v. Strickland*, 792 F.2d 1069 (11th Cir.1986) (en banc).

---

[1] Current section 1915(e)(2)(B)(i) contains the same language as former section 1915(d).

It is hereby **ORDERED and ADJUDGED** that, for the reasons set forth above, the instant action is **DISMISSED** *with prejudice*. Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**. The Clerk shall **CLOSE** this Case. All other pending motions are **DENIED** *as moot*.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of July 2008.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon Ted E. Bandstra*
*Counsel of Record*